## COLE and others vs. CLARK.

3 p      303
j 60 LRA  845

1. CONTRACT — UNCERTAINTY IN.— Where one party contracted with another in writing to put two water wheels, each to drive one run of stone, in the flouring mill of the other, and to " warrant the same with two

hundred inches of water to each wheel, *to grind fifteen bushels per hour;* " for $500. *Held,* that such contract was too indefinite and uncertain to admit of interpretation as a matter of law, it being impossible to say whether the terms of the contract required one or both wheels to grind 15 bushels an hour, and that the ambiguity, being a patent one, could not be aided by parol proof.

2. SAME.— Where a contract for doing certain work is void for uncertainty, the party rendering service under it may recover as on a *quantum meruit.*

(4 Chand., 29.)

ERROR to the County Court of *Jefferson* County.

The case is stated in the opinion of the court.

*Collins, Smith & Kissam,* for plaintiffs in error.

*J. J. Enos,* for defendant in error.

HUBBELL, C. J. *Clark* sued *Cole and others* in the county court of Jefferson county. The declaration was in assumpsit, containing the common counts only. The only question of import arises on the sealed contract between the parties, offered in evidence by the plaintiff below. It contained, among other clauses, the following :

" The said party of the first part, for, etc., covenants and agrees to put in a good workmanlike manner, two water wheels, to drive each a run of stone in the flouring mills (the same that are now in the mill of L. A. Cole & Co., called the Rough and Ready Mills, in said town of Watertown), and warrant the same, with two hundred inches of water to each wheel, to be measured at the bottom of the flume, to grind fifteen bushels per hour, in a style suitable to make good flour ; to attach all machinery to said wheels, etc." " And the said parties of the second part covenant, etc.. to pay the said Clark five hundred dollars for the completion of said work, in case it' be done, and the mill performs, when completed, according to the above contract." The county judge charged the jury that they were to be governed by the construction of the contract, and if they found that both run of stone would grind fifteen bushels per hour, the plaintiff had complied with the said contract in that respect.

To this ruling, exceptions were taken by the plaintiff in error. It was a case, undoubtedly, where the judge was bound, if he could, to construe the contract, and his construction was binding on the jury. But this court is unable to concur with the learned county judge in his construction of the instrument. On the contrary, we are all of opinion that it is too indefinite and uncertain to admit of any interpretation as a matter of law. The offer to introduce *oral* evidence to explain the understanding of the parties was properly rejected. Such evidence is admissible when there is a *latent* ambiguity, which is made to appear by extraneous facts, and which may be made clear by *parol* proof. But the ambiguity in this instance is *patent*; it appears on the face of the instrument; and it arises not from the use of words of art, or technical phrases, nor from the existence of any custom or usage, but from the failure of the parties so to use common and plain words as to express any definite idea. They have not told us themselves what they did mean; whether each run of stone was to grind fifteen bushels per hour, or whether both were to do it, and so their instrument is wholly void. *Boardman v. Ford*, 6 Peters, 345.

The judgment of the county court must be reversed for this cause, and the case must go back for a new trial. The plaintiff then can recover *quantum meruit* upon the common counts, and no more.

Judgment reversed, with costs.